IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CARLET DEETA WARD,** : | |
| Plaintiff, : | |
| : | |
| v. : | **CIVIL ACTION NO. 24-CV-4743** |
| : | |
| **CAMDEN POLICE DEPARTMENT, ET AL.** : | |
| Defendant. : | |

**MEMORANDUM**

**PEREZ, J.**                                                                                      **OCTOBER 22, 2024**

Carlet DeEtta Ward filed a document titled "Motion to Venue," which the Clerk's Office treated as a Complaint for the purposes of opening this civil action. (ECF No. 1.) She has also filed a Motion to Appoint Counsel (ECF No. 2) and a Motion for a New Judge (ECF No. 4). For the following reasons, Ward's motions will be denied, and this case will be dismissed.

**I.      FACTUAL ALLEGATIONS**[1]

Ward captions her filing with "Civil Action No. 21-1758" and states that she is seeking "to move this case from the jurisdiction of the U.S. District Court of Delaware to the U.S. District Court of Philadelphia, Pennsylvania." (ECF No. 1 at 1.) The allegations in her filing all appear to concern the procedural history of a case in the United States District Court for the District of Delaware, in which she was the Plaintiff. (*See id.* at 1-3.) She attaches numerous documents related to that case as exhibits to her filing. (*Id.* at 4-23.)

Public dockets indicate that Ward was the Plaintiff in an action in the United States

---

[1] The factual allegations set forth in this Memorandum are taken from Ward's submission (ECF No. 1). The Court adopts the sequential pagination assigned to Ward's filings by the CM/ECF docketing system. Additionally, the Court includes facts reflected in publicly available court records, of which this Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

District Court for the District of Delaware bearing the case number she cites, which was dismissed on Defendants' motion in February 2023. *See Ward v. Camden Police Dep't*, No. 21-CV-1758, 2023 WL 2072391 (D. Del. Feb. 17, 2023). There is no indication that Ward ever sought to appeal the judgment in that case to the United States Court of Appeals for the Third Circuit.

## II.     STANDARD OF REVIEW

Ward has not paid the filing fee for this case nor sought permission to proceed *in forma pauperis*. In *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (*en banc*), the United States Court of Appeals for the Third Circuit announced a "flexible approach" that permits the screening of cases filed by pro se litigants pursuant 28 U.S.C. § 1915, even if no fee has been paid and no request to proceed *in forma pauperis* has been filed. *Id.* ("[W]e hold that a court has the authority to dismiss a case 'at any time,' 28 U.S.C. § 1915(e)(2), regardless of the status of a filing fee; that is, a court has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously."). This process, the *Brown* court noted, "permits courts to move early . . . in order to conserve judicial resources and 'the resources of defendants forced to respond to baseless lawsuits.'" *Id.* (quoting *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012)). Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

As Ward is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). However, an unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) (*per curiam*)

("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

### III.   DISCUSSION

Ward seeks to have this Court order the transfer of a closed case from the United States District Court for the District of Delaware to this Court.  This Court lacks jurisdiction to order the transfer of a case to itself; such a motion must be made in the court in which the case was filed.  *See* 28 U.S.C. §§ 1404, 1406, 1631; *see also Smith v. Meyers*, 843 F. Supp. 2d 499, 505 (D. Del. 2012) ("The structure of the federal courts does not allow one judge of a district court to rule directly on the legality of another district judge's judicial acts or to deny another district judge his or her lawful jurisdiction."); 15 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3844 (4th ed. rev. 2024) ("Only the district court in which the action is pending can order a change of venue."); *cf. Sundstrand Corp. v. Am. Brake Shoe Co.*, 315 F.2d 273, 276 (7th Cir. 1963) ("A motion for transfer under th[e] doctrine [of *forum non conveniens*] could only be made in the Maryland District Court, and the District Court for the Northern District of Illinois usurped the prerogative of that court.").

Accordingly, Ward's "Motion to Venue" is denied and the case is dismissed without prejudice for lack of jurisdiction.  Ward's Motion to Appoint Counsel is denied.  *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (before exercising discretion to appoint counsel "the district court must consider as a threshold matter the merits of the plaintiff's claim").  Ward's Motion for a New Judge is denied because she has failed to raise any factual allegations suggesting that the undersigned's "impartiality might reasonably be questioned" or that the

undersigned "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a)-(b); *see also* 28 U.S.C. § 144 (requiring recusal when a party to a district court proceeding sufficiently affirms that "the judge before whom the matter is pending has a personal bias or prejudice either against [the moving party] or in favor of any adverse party"). An appropriate Order will be entered separately. *See* Federal Rule of Civil Procedure 58(a).

**BY THE COURT:**

**HON. MIA R. PEREZ**